IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEANNISH VELEZ PACHECO,** | : | CIVIL ACTION NO. 1:14-CV-1127 |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| | : | |
| **VANTAGE FOODS, INC.,** | : | |
| | : | |
| Defendant | : | |

## ORDER

AND NOW, this 11th day of February, 2016, upon consideration of named plaintiff Leannish Velez Pacheco's unopposed motion (Doc. 45) for final approval of class action settlement, requested attorney's fees and costs, and requested service award, the accompanying memorandum (Doc. 46) of law, the "Class Action Settlement Agreement and Release," (Doc. 35-1), the Declaration of Josephine Bravata, (Doc. 45-1), the Declaration of Peter Winebrake, (Doc. 45-2), the Declaration of Eric Young, (Doc. 45-3), the representations of class counsel during the February 11, 2016 fairness hearing, and all other papers and proceedings herein, it is hereby ORDERED that:

1. The settlement of this action is APPROVED pursuant to the Fair Labor Standards Act and Federal Rule of Civil Procedure 23(e).[1]  29 U.S.C. § 201 *et seq*.; FED. R. CIV. P. 23(e).

---

[1] The settlement does not apply to or bind Sarai Martinez Ruiz, Wasim Nadir, Pedro Santiago, Sandra Valencia Daza, and Paul G. Scozzaro, each of whom have excluded themselves from the settlement.  (See Doc. 45-1).

2. With respect the $210,000.00 payable to the class members, the court finds that the following eight factors, as described in Girsh v. Jepson, 521 F.2d 153 (3d Cir. 1975), weigh in favor of approval: (a) the complexity, expense, and likely duration of the litigation; (b) the reaction of the class to the settlement; (c) the stage of the proceeding and the amount of the discovery completed; (d) the risks of establishing liability; (e) the risks of establishing damages; (f) the risks of maintaining the class action through trial; (g) the range of reasonableness of the settlement fund in light of the best possible recovery; and (h) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

3. The court also approves the requested service award of $2,500.00 to named plaintiff Leannish Velez Pacheco in recognition of her role in initiating this lawsuit and diligently pursuing her legal claims on behalf of the class. This award falls within the range of service awards approved in other wage/overtime class action lawsuits. See, e.g., Creed v. Benco Dental Supply Co., 2013 U.S. Dist. LEXIS 132911, at *19-20 (M.D. Pa. Sept. 17, 2013) (approving $15,000.00 award); Craig v. Rite Aid Corp., 2013 U.S. Dist. LEXIS 2658, at *49-50 (M.D. Pa. Jan. 7, 2013) (approving awards of $7,500.00 and $5,000.00 and citing authority).

4. The court also approves, pursuant to Federal Rule of Civil Procedure 23(h), the requested payment of $107,500.00 to class counsel for attorney's fees and expenses. FED. R. CIV. P. 23(h). The court finds the $24,738.19 in expenses to be reasonable and necessary under the circumstances of this litigation and settlement. Moreover, the requested $82,761.81 attorney's fee recovery, which constitutes approximately 26% of the total $320,000.00 settlement fund and is less than the fee lodestar submitted by class counsel, (see Docs. 45-2, 45-3), is supported by the seven factors described in Gunter v. Ridgewood Energy Corp., 223 F.3d 190, 193 n.1 (3d Cir. 2000): (a) the size of the fund created and the number of persons benefited; (b) the absence of objections by members of the class; (c) the skill and efficiency of the attorneys involved; (d) the complexity and duration of the litigation; (e) the risk of nonpayment; (f) the amount of time devoted to the case by plaintiff's counsel; and (g) awards in similar cases.

5. The court also certifies the above-captioned case as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* The court concludes that plaintiffs are similarly situated, based upon the representations of counsel placed on the record during the November 24, 2015 preliminary approval hearing, (see Doc. 42), and the February 11, 2016 final fairness hearing, (see Doc. 48), and the findings set forth in the court's class certification order (Doc. 44), dated December 4, 2015.

6. This action is DISMISSED with prejudice, although the court will retain jurisdiction over the interpretation, enforcement, and implementation of the settlement agreement and this order.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania